# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL STEEL & SHIPBUILDING COMPANY,<br><br>                    Plaintiff,<br><br>     vs.<br><br>AMERICAN HOME ASSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO. 09CV279 JLS (RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>(Doc. No. 22) |

Presently before the Court is Plaintiff National Steel & Shipbuilding Company's Motion for Leave to File an Amended Complaint. (Doc. No. 22.) Defendant filed an opposition and Plaintiff filed a reply to the opposition. (Doc. No. 27, 30.) For the reasons stated below, the Court **GRANTS** Plaintiff's motion for leave to file an amended complaint.

## BACKGROUND

Defendant American Home Assurance Company is an insurer with its principal place of business in New York. (First Amended Complaint ("FAC") ¶ 2.) Defendant issued a general liability insurance policy identified as policy number F-0937-06 (the "Policy") to BAE Risk Services, Inc. ("BAE"). (FAC ¶¶ 3, 6, 7.) BAE contracted with Plaintiff National Steel & Shipbuilding Company to provide laborers to conduct work on the construction of various ocean-going ships. (FAC ¶¶ 4, 5.) Pursuant to the contract between Plaintiff and BAE, Plaintiff was

1  named an additional assured under the Policy and an agent issued a Certificate of Insurance on
2  January 20, 2006, indicating such.  (FAC ¶ 5, 7.)  On October 12, 2006, Mr. Gonzalez, an
3  employee of BAE, was injured while working on a project with Plaintiff.  (FAC ¶ 11.)  Mr.
4  Gonzalez filed a lawsuit for personal injuries against Plaintiff in San Diego County Superior Court
5  (hereinafter "the *Gonzalez* Action").  (*Id.*)

6  Plaintiff initiated the present suit on February 17, 2009.  (Doc. No. 1.)  Defendant filed a
7  motion for a more definite statement.  (Doc. No. 7.)  Plaintiff opposed but amended their
8  complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) on June 4,
9  2009.  (Doc. No. 8, 9.)  The FAC asserts causes of action for: (1) Breach of the Implied Covenant
10 of Good Faith and Fair Dealing for Failure to Defend; (2) Breach of the Implied Covenant of Good
11 Faith and Fair Dealing for Failure to Indemnify; (3) Reformation of Contract; and (4) Declaratory
12 Relief.  Essentially, Plaintiff contends that Defendant must defend and indemnify Plaintiff in the
13 *Gonzalez* Action pursuant to the Policy.

14 Defendant filed a motion to dismiss for failure to state a claim on June 24, 2009.  (Doc. No.
15 11.)  On September, 23, 2009, the jury in the *Gonzalez* Action found that Mr. Gonzalez did not
16 qualify as a borrowed servant of Plaintiff at the time he was injured.  (Reply at 2.)  On January 25,
17 2010, Plaintiff filed a motion for leave to file an amended complaint.  (Doc. No. 16.)  Two days
18 later, the Court granted in part and denied in part Defendant's motion to dismiss.  (Doc. No. 18.)
19 The Court dismissed without prejudice Plaintiff's cause of action for reformation of contract,
20 denied Defendants motion as to all other causes of action, and denied as moot Plaintiff's motion
21 for leave to amend.  (Doc. No. 18.)  On February 9, 2010, Defendant filed an answer to Plaintiff's
22 FAC.  (Doc. No. 20.)  Plaintiff filed the present motion for leave to file an amended complaint on
23 February 23, 2010.  (Mot. at 1.)  Defendant filed an opposition to Plaintiff's motion and Plaintiff
24 filed a reply.  (Doc. No. 27, 30.)

25 Plaintiff's motion for leave to amend seeks to make three changes to the FAC.  First,
26 Plaintiff seeks to allege that "Mr. Gonzalez was solely and exclusively employed by BAE" in
27 place of Plaintiff's previous allegation that Mr. Gonzalez was "acting as a borrowed servant of
28 [Plaintiff]."  (FAC ¶ 11, Proposed Second Amend Complaint ("Prop. SAC") ¶ 12.)  Second,

Plaintiff's cause of action for reformation of contract has been removed from the complaint. Third, Plaintiff seeks to add a claim for breach of contract. (Prop. SAC ¶¶ 33–42.)

## LEGAL STANDARD

Motions to amend are governed by Federal Rule of Civil Procedure 15 which provides that parties that have amended a pleading once as a matter of course must either obtain leave of the court or consent of the adverse party in order to make further amendments. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). The general policy provided by Rule 15(a)(2) that "[t]he court should freely give leave when justice so requires" is "to be applied with extreme liberality." *Eminence Capital, LLC*, 316 F.3d at 1051 (citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001)). Accordingly, leave should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Yakama Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) ("Amendment under the Federal Rules of Civil Procedure should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.") (internal quotation omitted). Among these factors prejudice is the most important to consider. *Eminence Capital, LLC*, 316 F.3d at 1052. Absent prejudice or a strong showing of the other *Foman* factors there is a presumption in favor of granting leave to amend. *Id*. at 1052 (internal citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). In deciding whether or not to grant leave to amend, a trial court "should be guided by the underlying purpose of Rule 15(a) . . . to facilitate decisions on the merits, rather than on technicalities or pleadings." *James v. Pliler,* 269 F.3d 1124, 1126 (9th Cir. 2001) (citing *United States v. Webb,* 655 F.2d 977, 979–80 (9th Cir. 1981)).

## ANALYSIS

Defendant opposes Plaintiff's motion for leave to amend on several grounds. None, however, are sufficient to override the strong policy favoring decisions on the merits that is

furthered by granting leave to amend in this case.

Plaintiff seeks leave to amend in order to adjust facts in light of the jury finding in the *Gonzalez* Action that Mr. Gonzalez was not a special employee. (Mot. at 2.) Defendant asserts that Plaintiff's allegation in the FAC that Mr. Gonzalez was a "borrowed servant" constitutes a binding judicial admission and that Plaintiff's stated motive for amendment "is not a recognized rationale for withdrawing a judicial admission." (Opp. at 5.) Defendant's argument cannot overcome the policy favoring freely granting leave to amend. First, judicial admissions may be amended, and superseded portions of amended pleadings cease to be binding judicial admissions. *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996). Even if Plaintiff's allegation in the FAC was a judicial admission, that fact alone does not prevent amendment, especially here where the admission is withdrawn before discovery has even begun. Second, "[w]here . . . the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995). Here, Plaintiff's explanation that its belief as to Mr. Gonzalez's employment status changed in light of developments in the *Gonzalez* Action must be accorded "due weight." As such, Defendant's contention that the "borrowed servant" allegation is a binding judicial admission fails.

Defendant also asserts that granting leave to amend would cause prejudice by "[d]efeating a complete defense" through withdrawal of a judicial admission and requiring Defendants "to provide proof of Mr. Gonzalez's employment that it would otherwise not be required to provide." (Opp. at 2.) Defendant further asserts that the "unintelligibility of the cause of action [for breach of contract] would only serve to prejudice [Defendant] since the apparent appropriate response to it is another Rule 12(b) motion" requiring additional attorneys' fees and delaying litigation. (*Id.* at 2, 9.) Defendant has not met its burden of establishing undue prejudice. *See DCD Programs, Ltd.*, 833 F.2d at 187. As stated above, a judicial admission may properly be amended and Defendant has cited no authority supporting the proposition that, though litigation is in an early stage, an allegation may not be amended simply because a defendant believes the allegation provides a complete defense and wishes to invoke such a defense. Furthermore, while the amendment may

1  result in some additional discovery or motion practice, Defendant has not established that the

2  amendment would result in a significant delay in litigation or prejudice sufficient to override the

3  policy of freely granting amendments to facilitate decisions on the merits.  To the contrary,

4  numerous motions to dismiss complaint and amended complaints are commonplace and, without

5  more, do not constitute undue prejudice.

6        Defendants further oppose Plaintiff's motion to amend on the grounds that Defendant,

7  through a motion for a more definite statement filed on April 7, 2009, informed Plaintiff of the

8  need to allege breach of contract ten months before Plaintiff moved for amendment.[1]  (Opp. at 8,

9  9.)  Even assuming that Defendant is correct in alleging that this period constitutes undue delay,

10 without a specific finding of prejudice, bad faith, or futility, "[u]ndue delay by itself . . . is

11 insufficient to justify denying a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.

12 1999).  Here, concern that the motion was made in bad faith or would cause prejudice is greatly

13 mitigated by the fact that the ostensible delay has ended before discovery has even begun.  Any

14 delay present in this case is insufficient to justify denial of leave to amend.[2]

### CONCLUSION

16     For the foregoing reasons, Plaintiff's motion for leave to amend is **GRANTED**.  Plaintiff

17 **SHALL FILE AND SERVE** its second amended complaint <u>within 10 days</u> of this order being

18 electronically docketed.

19 DATED: July 21, 2010

20                                *Janis L. Sammartino*
                             Honorable Janis L. Sammartino
                             United States District Judge

---

[1] The FAC was filed on June 4, 2009 and did not contain a breach of contract claim. The jury's verdict in the *Gonzalez* Action was returned four months later on September 23, 2009. (Reply at 5.) The original motion for leave to amend, which first contained the breach of contract claim, was filed on January 25, 2010, denied as moot on January 27, 2010, and renewed in a substantially similar form less than a month later on February 23, 2010. (*Id.* at 6.)  Defendant asserts that the "jury's verdict does not raise any facts which were not known to [Plaintiff] when it filed its FAC" and thus, cannot provide an excuse "for the lengthy delay in seeking leave to file a SAC." (Opp. at 9.)

[2] Defendant further opposes Plaintiff's motion to amend arguing that *res judicata* and collateral estoppel do not apply with regard to jury findings in the *Gonzalez* Action and that the Court may not take judicial notice of facts adjudicated in the *Gonzalez* Action.  These arguments are not pertinent to this Court's determination whether leave to amend shall be granted under the Federal Rules of Civil Procedure and Ninth Circuit precedent.